IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brian Kennedy, | ) | C/A No. 3:12-1017-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **AND** |
| HHHunt Corporation; and Lacole Gadson, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The defendants removed this action filed by the plaintiff, Brian Kennedy ("Kennedy"). Kennedy alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq., against both defendants as well as a breach of contract against Defendant HHHunt Corporation ("Hunt"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for judgment on the pleadings. (ECF No. 5.) The plaintiff filed a response in opposition (ECF No. 14) and the defendants replied (ECF No. 16). Also pending before the court is plaintiff's motion to amend his complaint (ECF No. 13), to which the defendants filed a response in opposition (ECF No. 18). Having reviewed the parties' submissions and the applicable law, the court finds that Kennedy's motion to amend should be denied and Hunt's motion for judgment on the pleadings should be granted.

**BACKGROUND**

Kennedy's employment with Defendant Hunt was terminated after he allegedly failed to appear for work on three consecutive days. After Kennedy commenced this action and amended his

complaint as a matter of course, the defendants moved for judgment on the pleadings on the legal grounds that (1) Kennedy is not an eligible employee under the FMLA; and (2) his state law breach of contract claim fails as a matter of law because the handbook at issue contained a conspicuous disclaimer and because the handbook does not create a contract. While the defendants' motion was pending, an administrative unemployment benefits hearing was held by the South Carolina Department of Employment and Workforce ("DEW"). Kennedy seeks to further amend his Amended Complaint to include additional facts regarding the location of his employment as well as testimony given at the DEW hearing.

## DISCUSSION

**A.  Applicable Standards**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings should be granted when viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Finally, where, as here, amendment under Rule 15(a)(1) is unavailable to a party, Rule 15(a)(2) provides that a party may amend the Complaint with the opposing party's written consent or the court's leave, which should be freely given when justice so requires. However, leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986).

**B.    Pleadings**

The defendants oppose Kennedy's motion to amend, arguing that the proposed amendments are futile.[1] The court agrees. With regard to Kennedy's FMLA claim, the cental issue is whether Kennedy is an "eligible employee" as defined by the FMLA and the regulations promulgated thereunder. "An 'eligible employee' is an employee of a covered employer who . . . is employed at a worksite where 50 or more employees are employed by the employer within 75 miles *of that worksite*." 29 C.F.R. § 825.110 (emphasis added). Relevant to this point, the operative complaint alleges that "Hunt employed more than 50 individuals for each working day during each of 20 or

---

[1] They also oppose the motion on the grounds of undue delay. The court denies the motion on this basis, as Kennedy moved to amend his complaint approximately two weeks after the DEW hearing at issue.

more calendar workweeks." (First Am. Compl. ¶ 4, ECF No. 1-1 at 21.) Pertinent here, the proposed amended complaint seeks to add allegations that Hunt conducts business in West Columbia, South Carolina "as well as operating residential and retirement homes at other locations and constructing such buildings," and that Kennedy worked at Hunt's location in West Columbia, South Carolina and at Hunt's Mooresville and Charlotte, North Carolina locations, "which altogether employed more than 50 employees within a 75 mile radius of these multiple locations in 2011 and 2012." (Proposed Second Am. Compl. ¶¶ 3-4, 16, ECF No. 13-1 at 1-2, 3.) Taken as true,[2] this proposed allegation still does not show that Kennedy is an eligible employee as defined in the FMLA, since no facts are alleged showing that Hunt employed fifty or more employees within a seventy-five mile radius of Kennedy's worksite, whether that worksite is considered to be West Columbia, Mooresville, or Charlotte.[3] Rather, the proposed amendments allege only that Hunt altogether employed a combined total of more than fifty employees within a seventy-five mile radius of *each worksite.* The applicable law does not contemplate using an aggregate total in the manner Kennedy suggests to determine FMLA eligibility. See generally Sen. Rep. No. 103-3, at 23 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 25 ("The term 'worksite' is intended to be construed in the same manner as the term 'single site of employment' under the Worker Adjustment and Retraining

---

[2] Hunt flatly disputes Kennedy's assertion that he was employed at any worksite other than West Columbia. This factual dispute does not preclude a decision at this point in the litigation, however, because even taking Kennedy's allegation as true that he worked at all three sites, this fact alone is still insufficient to show that Kennedy was an eligible employee under the FMLA for the reasons discussed above.

[3] More specifically, these allegations do not show that Hunt employed more than fifty employees within a seventy-five mile radius from West Columbia; that Hunt employed more than fifty employees within a seventy-five mile radius from Mooresville; or that Hunt employed more than fifty employees within a seventy-five mile radius from Charlotte.

PJG

Notification Act ("WARN"), 29 U.S.C. 2101(a)(3)(B), and regulations under that Act (20 CFR Part 639)."); see also Cobb v. Contract Transport, Inc., 452 F.3d 543, 557-78 (6th Cir. 2006) (discussing legislative history of the FMLA). To the contrary, the regulations make clear that for FMLA eligibility purposes an employee will be deemed to have *one worksite*. See, e.g., 29 C.F.R. § 825.111 (providing tests to determine where an employee's worksite is when the employee works at multiple locations and giving examples of airline pilots, truck drivers, etc.). Thus, even with the proposed amendments, Kennedy's FMLA claim fails as a matter of law.

Hunt also argues that Kennedy's proposed amendments pertaining to his state law breach of contract claim are futile.[4] These amendments essentially appear to include allegations that Hunt's employee handbook contractually incorporates FMLA rights for employees who are employed for at least one year and have worked at least 1,250 hours during the previous twelve months, regardless of the location where they primarily work, and that the defendants admitted at the DEW hearing that if Kennedy were on a qualified FMLA absence, his termination would have been wrongful. (See Proposed Second Am. Compl. ¶¶ 25, 33, ECF No. 13-1 at 4, 5.)

The court agrees that these amendments are futile, as they would not result in a viable state contract claim. Even taking the proposed amended allegations as true, Kennedy's contract claim would fail as a matter of law because the handbook contains no mandatory contractual language modifying the at-will employment relationship.[5] Cf. Small v. Springs Indus., Inc., 357 S.E.2d 452

---

[4] Alternatively, because the only federal claim asserted in this case fails as a matter of law, the court could exercise its discretion to remand this action to state court rather than addressing the merits of Kennedy's state law claim. See 28 U.S.C. § 1367(c).

[5] Hunt also argues that the handbook contains a conspicuous disclaimer. In light of the court's conclusion regarding the lack of contractually binding language in the handbook, it need not address this issue.

PJG

(S.C. 1987) (Small II). In determining whether a handbook provision alters the employment-at-will relationship, a court must determine if the handbook contains a promise that restricts the right of the employer to discharge. See Bookman v. Shakespeare, 442 S.E.2d 183, 184 (S.C. Ct. App. 1994) (*per curiam*). While Kennedy argues that judgment as a matter of law is inappropriate when a handbook contains both a disclaimer and a promise, the court finds that the handbook contains no contractual promise regarding FMLA rights. Rather, it states that "[i]n accordance with The Family and Medical Leave Act (FMLA) of 1993, HHHunt provides the following benefit within the guidelines listed . . . ." (ECF No. 1-1 at 13 of 35.) The handbook then proceeds to essentially summarize the benefits provided by the statute, describing the permitted reasons for taking such leave, eligibility requirements, length of leave, advance notice and medical certification requirements, and other FMLA-related information. Nothing in these provisions appears to create a binding promise on the part of Hunt to provide benefits over and above what the statute itself requires.[6] Significantly, the handbook does not contain any provision *contractually* restricting Hunt's right to discharge an employee; to the contrary, the handbook states that "an employee will be restored to his or her original or an equivalent position with equivalent pay and benefits *as prescribed by the [FMLA]*." (ECF No. 1-1 at 14 of 35.) Kennedy has not directed the court to any contractual language to the contrary. Accordingly, his proposed amendments are futile and the state contract claim based on the handbook fails.

**ORDER**

For the foregoing reasons, Kennedy's motion to amend is denied.

---

[6] While Kennedy makes much of the defendants' alleged concession at the DEW hearing that the FMLA applied to Kennedy, this legal question is reserved to the court, not a lay witness.

**RECOMMENDATION**

Based the above, the court recommends that the defendants' motion for judgment on the pleadings be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 13, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).