IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brian Kennedy, | ) | C/A No.: 3:12-1017-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HHHunt Corporation and Lacole Gadson, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Plaintiff Brian Kennedy's Objections to a United States Magistrate Judge's Order and Report and Recommendation ("Report"), which recommends that this court grant the defendants' motion for judgment on the pleadings.[1] Having reviewed the entire record, including Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the Magistrate Judge's Report and fully incorporates it into this order.

## I.     Standard of Review

### A.     Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for

---

[1] In her Report, the Magistrate Judge also issued an order denying Plaintiff's Motion to Amend his Amended Complaint.

1

making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make written objections to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.    Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings should be granted when viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. *Tollison v. B&J Machinery Co.*, 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6). *Independence News, Inc. v. City of Charlotte*, 568 F.3d 231, 243 (4th Cir. 1999).

To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the

misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.     Factual and Procedural History

In this case, Plaintiff alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, against both defendants, as well as a breach of contract claim against Defendant HHHunt Corporation ("Hunt"). Kennedy's employment with Defendant Hunt was terminated after he allegedly failed to appear for work on three consecutive days. On February 27, 2012, Kennedy commenced this action. He amended his complaint as a matter of course on March 26, 2012. On April 20, 2012, the defendants moved for judgment on the pleadings on the legal grounds that (1) Kennedy is not an eligible employee under the FMLA; and (2) his state law breach of contract claim fails as a matter of law because the handbook at issue contained a conspicuous disclaimer and because the handbook does not create a contract. (ECF No. 5). On May 6, 2012, Kennedy filed a response in opposition, (ECF No. 14), and the defendants replied on May 11, 2012, (ECF No. 16).

While the defendants' motion was pending, the South Carolina Department of Employment and Workforce ("DEW") held an administrative unemployment benefits hearing. On May 4, 2012, Kennedy moved to amend his Amended Complaint to include additional facts regarding the location of his employment as well as testimony given at the DEW hearing. (ECF No. 13). On November 13, 2012, the Magistrate Judge issued

3

an order denying Kennedy's Motion to Amend[2] and recommending that the Defendants' motion for judgment on the pleadings be granted.

## III. Discussion

Plaintiff objects to the Magistrate Judge's Report, asserting that it fails to rule on Plaintiff's breach of contract claim for "equitable treatment of all parties." The "equitable treatment" language, which is found in Hunt's employee handbook, does not operate to give rise to a claim by Plaintiff separate from his state breach of contract claim. By quoting this language, Plaintiff implies that the Report fails to address matters attendant to his breach of contract claim, which arises from language in the employee handbook. However, the Report clearly explains that the employee handbook contains no mandatory language modifying the at-will employment relationship. The Magistrate Judge concluded, based on the employee handbook disclaimer, that the employee handbook does not create a contract between the parties as a matter of law. This court finds that the Magistrate Judge's Report fully addresses Plaintiff's breach of contract claim and further agrees with the Magistrate Judge's assessment that the Plaintiff's breach of contract claim fails.

In his second objection, Plaintiff contends that the Magistrate Judge erred in recommending that Defendant's Motion for Judgment on the Pleadings be granted as to Plaintiff's breach of contract claim for relief under the FMLA. Plaintiff argues that the employee handbook contains contractual language promising him FMLA rights. In

---

[2] The Magistrate Judge denied the Motion to Amend on the grounds that the proposed amendments would be "futile" to Plaintiff's claims.

support of that argument, Plaintiff relies on language in the handbook, which states that "[u]pon return from an approved FMLA leave, an employee will be restored to his or her original or an equivalent position with equivalent pay and benefits as prescribed by the Act."[3] This court agrees with the Magistrate Judge's finding that the handbook merely "summarize[s] the benefits provided by the statute . . ." (Report p. 6), and that the employee handbook creates no binding promise of FMLA benefits beyond what the statute itself requires. Thus, this court agrees with the Magistrate Judge's conclusion that the employee handbook does not contain any provision which contractually restricts Hunt's rights to discharge an employee or provide any benefits under the FMLA.

Further, Plaintiff includes in his second objection that the Magistrate Judge erred in denying his Motion to Amend. The Magistrate Judge has already ruled on Plaintiff's Motion to Amend. To the extent that Plaintiff renews his Motion to Amend, this court denies it. This court agrees with the Magistrate Judge's conclusion that Plaintiff's proposed amendments are futile because even with the proposed amendments, Plaintiff's FMLA claim fails as a matter of law.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, this court adopts the Magistrate Judge's recommendation. Accordingly, Defendants' Motion for Judgment on the Pleadings is granted in its entirety.

IT IS SO ORDERED.

February 4, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] Plaintiff does not contend that Hunt approved him for a FMLA leave.